UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | : | |
|---|---|---|
| **MANUEL SANDOVAL, JR.,** | : | Case No. 3:03cv7337 |
| | : | |
| Petitioner, | : | **JUDGE KATHLEEN O'MALLEY** |
| | : | |
| v. | : | |
| | : | |
| **TOLEDO CORRECTIONAL** | : | <u>**OPINION & ORDER**</u> |
| **INSTITUTION, et al.,** | : | |
| | : | |
| Respondents. | : | |

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner Manual Sandoval, Jr. ("Petitioner" or "Sandoval"). Petitioner, *pro se*, challenges the constitutional sufficiency of his jury conviction for murder following a jury trial in the Court of Common Pleas for Sandusky County, Ohio. Pursuant to Local Rule 72.2(b)(2), this matter was referred to Magistrate Judge William H. Baughman, Jr. for a Report & Recommendation ("R&R"). The Magistrate Judge issued an R&R recommending that Sandoval's petition be denied on the basis that both of his grounds for relief lack merit (Doc. 39). Petitioner filed timely objections to the R&R (Doc. 42).[1] For the reasons articulated below, the Court **ADOPTS** the conclusion of the Magistrate Judge's R&R (though not its analytical approach), and **DENIES** the petition for a writ of habeas corpus.

---

[1] Within ten days of the R&R, Petitioner requested a thirty-day extension to file objections (Doc. 41), a request that this Court did not expressly address. Given that the request for an extension was within Petitioner's ten-day deadline to file objections, the Court grants the request and will consider Petitioner's objections. Thus, the Court deems the objections to be timely.

**I.     BACKGROUND**

In October 2000, a jury found Petitioner guilty of the murder of Alfredo Mendez Perez, who was found dead outside of a trailer behind a restaurant in Fremont, Ohio. The murder occurred in January 1996 but went unsolved for some time; it was not until over four years later that Petitioner was indicted for aggravated murder (prior design and calculation). After a trial, a jury found Petitioner guilty of the lesser offense of murder, and the trial court entered judgment on the jury verdict and sentenced him to a term of incarceration of fifteen years to life.

The following evidence supported the guilty verdict. First, Petitioner's ex-wife, Heather Sandoval (who was married to Petitioner at the time of the murder), testified that she drove Petitioner to the restaurant where the trailer was located, parked at a nearby gas station, and that Petitioner returned to the car ten minutes later with a tire iron and blood on his hands. Second, Michael Earl testified that Petitioner confessed the murder to him in detail on two occasions (in August 1997 and September 1998), including the fact that Petitioner beat Perez with a tire iron and ran to nearby gas station. In addition, Earl stated that he (Earl) later told the police about Petitioner's confessions and, at their urging, solicited a taped confession from Petitioner. The tape was not admitted into evidence, but a police detective testified as to its contents. The tape was not as detailed as Earl's testimony regarding the previous confessions; according to the detective, the tape indicated that Petitioner "had blood on his hands," "kicked the victim," and other details such as the fact that the victim lived in a trailer. Third, DNA from a sample of blood taken from a key removed from the victim's door "matched" Petitioner's DNA, but only to the degree that Petitioner could not be excluded - - an expert testified that 1 in 73 Caucasians and 1 in 83 Hispanics would have also "matched."

Petitioner appealed his judgment of guilt, raising two assignments of error: (1) the trial court erred in admitting the testimony of Heather Sandoval in violation of Ohio Revised Code § 2945.42 (marital privilege) and Ohio Rule of Evidence 601 (competency of a spouses to testify against each other); and (2) he was denied effective assistance of counsel under the Sixth Amendment of the United States Constitution. The Court of Appeals of Ohio, Sixth District, Sandusky County, affirmed the trial court's judgment, finding that the admission of Heather Sandoval's testimony violated Ohio's marital privilege found in O.R.C. § 2945.42, but that such error was harmless; and that Petitioner could not demonstrate prejudice from his counsel's alleged deficient performance. *State v. Sandoval*, 2002 WL 398331, at *3-7 (Ohio Ct. App. Mar. 15, 2002).

Petitioner attempted to file an appeal with the Supreme Court of Ohio, but, due to a delay in mailing the appeal from prison, it was not received within the appeals deadline. Sandoval's subsequent motion to file a delayed appeal was denied. Thereafter, on July 10, 2003, Sandoval filed a petition for a writ of habeas corpus in this Court, raising the same two grounds for relief that he raised on direct appeal. This Court found that Petitioner's claims were procedurally defaulted for failure to appeal them to the Supreme Court of Ohio, and that Petitioner had not shown adequate cause to excuse his failure. (Doc. 23) (Potter, J.). Petitioner appealed, and the Sixth Circuit vacated this Court's decision, concluding that Petitioner had shown cause for his procedural default because the prison authorities were at fault for the delayed mailing of the appeal. *Sandoval v. Konteh*, Case No. 04-3268 (6th Cir. May 5, 2005) (Information Copy at Doc. 34 of this case). The Sixth Circuit remanded the case for further proceedings. *Id.*

On remand, this case was referred to Magistrate Judge Baughman for an R&R. As stated above, the Magistrate Judge recommends denying the petition, concluding that both of Petitioner's

3

claims lack merit. As to the first ground, the Magistrate Judge notes that challenges of state law evidentiary errors generally are not cognizable through a habeas petition unless the errors resulted in a fundamentally unfair trial in violation of a petitioner's due process rights. In addition, the Magistrate Judge also notes that some courts have held that violation of a marital privilege can <u>never</u> support habeas relief because the purpose of the privilege is to protect the institution of marriage, not to ensure the reliability of evidence. (Doc. 39 at p. 12) (citing *Simpson v. Neal*, 986 F.2d 1424, 1993 WL 47204 (7th Cir. 1993) (unpublished table decision)). Even if the error claimed in this case could support habeas relief, however, the Magistrate Judge concludes that the Ohio appellate court did not unreasonably apply the harmless error standard on direct review. The Magistrate Judge found that the Ohio court was not unreasonable in concluding that the remaining evidence, including Earl's testimony and the DNA evidence, provided "overwhelming evidence of guilt," such that the erroneous admission of Heather Sandoval's testimony was harmless.

As to the second ground for relief, the Magistrate Judge also concludes that the Ohio appellate court did not unreasonably apply the standard for ineffective assistance of counsel on direct review. The Ohio appellate court rejected Petitioner's claim, finding that Petitioner could not demonstrate that actual prejudice resulted from his counsel's alleged deficient performance. *Sandoval*, 2002 WL 398331, at *6-7. As to each of the four instances of alleged ineffective performance (discussed below), the Magistrate Judge found that the Ohio court's application of the relevant test was reasonable.

In his objections, Petitioner argues that the admission of Heather Sandoval's testimony was not harmless error because, without that testimony, there was not otherwise overwhelming evidence of guilt. Petitioner also states generally that he objects to the Magistrate Judge's finding that the

4

state court reasonably applied the ineffective assistance of counsel standard.

## II. ANALYSIS

The posture of this case narrows the complicated procedural analysis that is usually required when the government contends that a habeas petitioner has procedurally defaulted his claims. Generally, in considering the question of procedural default, a district court in this Circuit must apply the four-part test set forth in *Maupin v. Smith*, 785 F.2d 135, 138-39 (6th Cir. 1986).[2] In the case at bar, the first three and a half parts of that test have been resolved. As to the fourth part - whether Petitioner has demonstrated "cause and prejudice" to excuse his default - the Sixth Circuit has already concluded that Petitioner has shown "cause" for his failure to comply with the state procedural rule in this case. What is left for this Court is to determine whether Petitioner has shown that "he was actually prejudiced by the alleged constitutional error." *Id.* at 138. Even if Petitioner successfully can demonstrate "actual prejudice," however, that does not mean that he is entitled to relief; it means only that this Court can consider the merits of Petitioner's claim.

As the Magistrate Judge notes in his R&R, the question of what constitutes "prejudice" in the context of the *Sykes* "cause and prejudice" analysis is unsettled, and it is a question that the *Sykes* Court expressly left open. *See Wainwright v. Sykes*, 433 U.S. 72, 87 (1977) ("We leave open for resolution in future decisions the precise definition of the 'cause'-and-'prejudice' standard . . ."); *see*

---

[2] The four-part test requires the court to consider: (1) whether the petitioner failed to comply with a state procedural rule applicable to the petitioner's claim; (2) whether the state courts actually enforced the state procedural sanction; (3) whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim; and, if the first three parts have been met, (4) whether the petitioner can show, under *Wainwright v. Sykes*, 433 U.S. 72 (1977), "cause" why he did not to follow the procedural rule, and that he was "actually prejudiced" by the alleged constitutional error. *Maupin*, 785 F.3d at 138-39.

5

*also* 2 Randy Hertz & James S. Liebman, *Federal Habeas Corpus Practice and Procedure*, § 26.3c, at 1346 (5th ed. 2005) ("The Supreme Court has not yet provided a precise definition of the 'prejudice' half of the 'cause and prejudice' exception to the procedural default doctrine."). Ultimately, the Magistrate Judge concluded that Petitioner satisfied the "prejudice" prong of the *Sykes* "cause and prejudice" requirement and moved on to address the merits of the complaint.

Although the Court does not endorse the Magistrate Judge's conclusion that Petitioner satisfied *Sykes* "prejudice," it agrees with the Magistrate Judge's *ultimate* conclusion that the petition must be denied because Petitioner's grounds for relief lack merit.[3] The Court briefly addresses Petitioner's objections under each ground for relief in his habeas petition, though it does not repeat the standard of review under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as the Magistrate Judge thoroughly laid out that standard in his R&R.

**A.     Ground One: Improper Admission of Heather Sandoval's Testimony**

As indicated above, the state court of appeals found that the admission of Heather Sandoval's testimony violated Ohio's marital privilege embodied in O.R.C. § 2945.42, but found that the error was harmless because there was overwhelming evidence of Petitioner's guilt, even absent Heather

---

[3] A district court may exercise its discretion to resolve the merits of a petitioner's habeas claim without engaging in a "cause and prejudice" analysis. *See Stewart v. Morgan*, 2007 WL 1451974, at *5 n.2 (6th Cir. May 11, 2007) ("[W]e exercise our discretion to dismiss this claim on the merits rather than address the issue of procedural default."); *cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

Sandoval's testimony.[4] *Sandoval*, 2002 WL 398331, at *3-4. Assuming *arguendo* that violation of a state law marital privilege could provide a basis for habeas relief, the Magistrate Judge concluded that the state court did not unreasonably apply clearly established federal law, which, in this case, it found to be the harmless error standard articulated by the Supreme Court in *Brecht v. Abrahamson*, 507 U.S. 619 (1993). Accordingly, the Magistrate Judge found that Petitioner's first ground for relief was without merit.

Petitioner devotes much of his objections to arguing that the admission of Heather Sandoval's testimony violated the Ohio marital privilege, a finding already made by the state appellate court. This Court does not, and, indeed, cannot, upset that decision. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id.* Accordingly, the Court addresses Petitioner's first ground for relief assuming that the admission of Heather Sandoval's testimony violated the Ohio marital privilege. The only question on habeas review is whether admission of that testimony rendered the trial fundamentally unfair in violation of due process. More precisely, the question is whether the state appellate court reasonably applied the harmless error standard as articulated by the Supreme Court.

On this point, Petitioner argues that admission of the testimony was not harmless error because, excluding that testimony, there was not otherwise overwhelming evidence of guilt.

---

[4] It also found that there was no violation of Ohio Rule of Evidence 601 because that rule only applies to "spouses," meaning a person who is <u>currently</u> married at the time of his or her testimony. *Sandoval*, 2002 WL 398331, at *3. Because Heather Sandoval was no longer married to Manuel Sandoval when she testified, Rule 601 did not apply, and she was competent to testify. *Id.*

Specifically, Petitioner argues that Heather Sandoval's testimony was the only evidence that linked Petitioner to the tire iron, and that Earl's testimony was contradicted by other evidence and, as such, did not provide overwhelming evidence of guilt.

As the Magistrate Judge noted, several courts have held that admission of evidence covered by the marital privilege can never rise to the level of a due process violation and, therefore, cannot form the basis of habeas relief. *See Simpson v. Neal*, 986 F.2d 1424, 1993 WL 47204 (7th Cir. Feb. 24,1993) (considering purposes of marital privilege and finding that "[c]learly, recognition of the marital privilege is not necessary to afford due process."); *Byrd v. Armontrout*, 880 F.2d 1, 9-10 (8th Cir. 1989) (explaining that misapplication of the marital privilege does not establish a due process violation because "[t]he policies furthered by proper application of the marital privilege in any of its forms are quite distinct from the concerns for fairness and reliability protected by the Due Process Clause."); *Mitchell v. Renico*, 2006 WL 3446565, *9 (W.D. Mich. Nov. 28, 2006) (quoting *Simpson* and holding that, "even if the trial court erred by admitting evidence concerning confidential marital communications, this furnishes [the petitioner] with no basis for federal habeas relief."). This Court is persuaded by the reasoning employed in those cases. Accordingly, for the reasons provided in the cases cited above, this Court concludes that admission of evidence in violation of the marital privilege, by itself, cannot provide a basis for habeas relief.

Alternatively, even if the improper admission of testimony covered by the marital privilege could amount to a due process violation, the Court agrees with the Magistrate Judge and finds that the state appellate court did not unreasonably apply Supreme Court precedent in finding that the trial court's error was harmless. The Magistrate Judge relied on the harmless-error standard articulated by the Supreme Court in *Brecht*, which is whether the error "had substantial and injurious effect or

8

influence in determining the jury's verdict." 507 U.S. at 637-38 (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)). Since the Magistrate Judge issued his R&R, however, the Sixth Circuit has made clear that the *Brecht* standard of harmless-error was superseded by the passage of the AEDPA. *Eddleman v. McKee*, 471 F.3d 576, 582-83 (6th Cir. 2006). Instead, the Sixth Circuit explained, a federal habeas court reviewing a state court's harmless-error decision should apply the standard set forth by the Supreme Court in *Chapman v. California*, 386 U.S. 18, 24 (1967), <u>plus</u> AEDPA deference. *Id.* at 583 ("AEDPA replaced the *Brecht* standard with the standard of *Chapman* plus AEDPA deference when, as here, a state court made a harmless-error determination.").

Under *Chapman*, "before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt." *Chapman*, 386 U.S. at 24. Under the AEDPA, a federal court must consider whether the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). "A state court unreasonably applies clearly established Supreme Court precedent when it reaches a result that 'falls outside the realm of plausible credible outcomes' dictated by the governing law." *Eddleman*, 471 F.3d at 585 (quoting *Barker v. Yukins*, 199 F.3d 867, 872 (6th Cir. 1999)). The "*Chapman* plus AEDPA deference" standard "is supposed to be more rigorous and less deferential to the state court than the *Brecht* standard." *Robertson v. Cain*, 324 F.3d 297, 307 n.5 (5th Cir. 2003) (cited for this proposition by the Sixth Circuit in *Eddleman*, 471 F.3d at 583 n.2).

Ultimately, application of this new standard produces the same result the Magistrate Judge reached under the *Brecht* standard, although it presents a closer question. This Court finds, under the deference that the AEDPA mandates, that the state appellate court did not unreasonably apply

9

*Chapman* in this case.[5] In this case, the state court found that "Heather's testimony was cumulative to testimony given by Earl" and that "the other record evidence overwhelmingly supports appellant's guilt." *Sandoval*, 2002 WL 398331, at *5. As to whether the testimony was cumulative, Earl testified that Petitioner confessed the crime to him, including the fact that he (Petitioner) and Heather drove to the trailer together, that he beat his victim with a tire iron, and that he ran to a nearby gas station after the murder. In addition, a police detective testified as to the contents of the taped confession that Earl recorded, and indicated that Petitioner said in the confession that he "had blood on his hands." It is true that Heather Sandoval's testimony was cumulative in the sense that it added no new details about the crime that are not otherwise presented by the other testimony. It was not superfluous, however, because it bolstered the credibility of Earl's testimony with an eyewitness account on the day of the murder. Indeed, all of the evidence about Petitioner's confessions - presented by way of Earl's testimony and the detective's testimony about the contents of the tape - related to confessions that occurred well after the date of the alleged murder (the first confession was almost twenty months later). Heather Sandoval's testimony, on the other hand, is the only testimony by a witness who was with Petitioner on the day of the murder. This is a significant fact that neither the state court nor the Magistrate Judge addressed.

In addition, Petitioner points out ways in which Earl's testimony might not be "overwhelming evidence of guilt." For example, Petitioner argues that Earl's account of the confession, in which he says that Petitioner admitted to "tearing up the trailer," is inconsistent with the testimony of an

---

[5] The state appellate court applied the *Chapman* standard as adopted by two Supreme Court of Ohio cases adopting that standard. *See Sandoval*, 2002 WL 398331, at *3 (citing *State v. Rahman*, 23 Ohio St.3d 146, 150-51 (1986); *State v. Bayless*, 48 Ohio St.2d 73, 107 (1976)).

agent who testified that the trailer had not been ransacked.[6] Further, the taped confession, which was not even admitted into evidence, only indicates that Petitioner kicked the victim and makes no mention of a tire iron.

Although this Court, if tasked with direct review of this question, might find it difficult to conclude that the admission of Heather Sandoval's testimony was "harmless beyond a reasonable doubt," its role is not to consider the question as if on direct review. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also have been unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000); *Walls v. Konteh*, --- F.3d ---, 2007 WL 1713320, at *3 (6th Cir. June 15, 2007) (quoting same). In this case, the Court cannot say that the state court's application of clearly established federal law was unreasonable. Most significant is Earl's testimony that Petitioner confessed to the crime on three separate occasions, including an occasion which was recorded on tape. Given the testimony as to these repeated confessions, confirmed by the fact that Earl was able to record a confession on tape after reporting the earlier confessions to the police, provides enough for a jury to find the testimony to be self-substantiating, even absent Heather Sandoval's testimony. In addition, Petitioner's objection that Heather Sandoval's testimony was the only evidence that linked Petitioner to the tire iron is incorrect, as Earl also testified that Petitioner confessed to using a tire iron. Given the testimony regarding Petitioner's confessions, bolstered by the DNA evidence, the state court's finding that the admission of Heather Sandoval's testimony was harmless-error under the *Chapman*

---

[6] Because this Court does not have the state court trial transcript, it can neither confirm nor reject this contention.

standard, though subject to fair debate, does not "fall[] outside the realm of plausible credible outcomes." *Eddleman*, 471 F.3d at 585.

The Court finds, therefore, that Petitioner's claim does not provide adequate grounds for habeas relief based, as it is, on violation of a state law marital privilege. Alternatively, even if it could amount to a deprivation of due process in some circumstances, the state court did not unreasonably apply clearly established federal law in finding that the error was harmless in this case.

### B.     Ground Two: Ineffective Assistance of Counsel

Next, Petitioner argues that his trial counsel was constitutionally ineffective for four reasons: (1) failing to object to testimony about a Ford Festiva; (2) failing to inquire as to the motives of Heather Sandoval and Michael Earl; (3) failing to include in the trial record the taped interview Heather Sandoval gave to police on April 23, 1999; and (4) failing to request further DNA testing. The state appellate court considered all four assertions and found that the first three to did not result in actual prejudice, and that the fourth did not constitute deficient performance. *Sandoval*, 2002 WL 398331, at *6-7. The Magistrate Judge concluded that the state court correctly identified the clearly established federal law for ineffective assistance of counsel claims as articulated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), and that the state court did not unreasonably apply that law. Petitioner does not raise any specific objection to the Magistrate Judge's conclusion on this point, arguing only that he objects to the general finding. After thoroughly reviewing the state court's decision and the Magistrate Judge's R&R, this Court agrees with the sound reasons offered by the Magistrate Judge for rejecting this ground, and it adds only one additional consideration to support that conclusion.

Because Earl's testimony was so critical in this case, it is worth further addressing

12

Petitioner's claims that trial counsel was ineffective for failing to develop any bias or motivation on Earl's part. First, defense counsel did, in fact, question Earl as to whether he was motivated by a reward, a motivation which Earl denied. Petitioner argues that his counsel also should have asked whether Earl was threatened with charges of having failed to report a felony, a threat which Petitioner had no information about either way. In addition to the fact that Petitioner and his counsel did not know whether any such threat was made, there was sound reason *not* to inquire about it. If the police actually did threaten Earl, that fact actually would tend to lend credibility to Earl's claim that the Petitioner had confessed the crime; absent such a confession, there would have been no basis for the police to believe that Earl had knowledge of a felony. Thus, there is sound reason for defense counsel not to inquire about that possibility.

For that reason and the reasons stated by the Magistrate Judge, the Court adopts the Magistrate Judge's R&R as to Petitioner's second ground for relief and overrules the general objection made by Petitioner.

### C. Cumulative Errors

Finally, Petitioner argues that an accumulation of errors can render a trial fundamentally unfair, and that, in this case, the errors in the aggregate were prejudicial to him. In support of this argument, Petitioner cites *Walker v. Engle*, 703 F.2d 959, 963 (6th Cir. 1983), in which the Sixth Circuit stated that "[e]rrors that might not be so prejudicial a to amount to a deprivation of due process when considered alone, may cumulatively produce a trial setting that is fundamentally unfair." More recently, however, the Sixth Circuit has explained that, despite that statement in *Walker*, "the 'Supreme Court has not held that distinct constitutional *claims* can be cumulated to grant habeas relief.'" *Gillard v. Mitchell*, 445 F.3d 883, 898 (6th Cir. 2006) (quoting *Lorraine v.*

13

*Coyle*, 291 F.3d 416, 447 (6th Cir.2002)) (emphasis added by *Gillard* court). In *Walker*, the Sixth Circuit concluded that a series of evidentiary errors at trial amounted to a denial of due process. 703 F.3d at 968-69. In the present case, Petitioner does not contend that the violation of the marital privilege combined with other evidentiary or similar rulings rendered the trial unfair, he attempts to aggregate two distinct constitutional claims (due process and ineffective assistance) to demonstrate that his trial was fundamentally unfair. This is the very sort of cumulation that the Sixth Circuit rejected in *Gillard* and *Lorraine*. This Court must also reject Petitioner's contention.

### III. CONCLUSION

For the reasons articulated above, the Court **ADOPTS** the conclusion of the Magistrate Judge and **DENIES** Sandoval's petition for a writ of habeas corpus.

**IT IS SO ORDERED.**

s/Kathleen M. O'Malley
**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

**Dated: July 16, 2007**